**FOURTH DIVISION**
**MCFADDEN, P. J.,**
**WATKINS and PADGETT, JJ.**

**NOTICE: Motions for reconsideration must be physically received in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.gov/rules**

**July 28, 2026**

# In the Court of Appeals of Georgia

A26A1033. KILBOURNE v. THE STATE.

PADGETT, Judge.

Nicolas Michael Kilbourne entered a negotiated guilty plea to two counts of burglary in the first degree. As part of that agreement, the trial court imposed restitution as a special condition of probation. Kilbourne later filed a motion to modify his sentence, which the trial court denied after a hearing. For the following reasons, we affirm.

The relevant facts are not in dispute. Kilbourne and his co-defendant, Chadwick Chase Dunn,[1] were indicted in connection with three burglaries of the

---

[1] Dunn was also indicted for burglary in the first degree of another victim's residence with Evan Dawton Taylor and interference with government property. Dunn and Taylor are not parties to this appeal.

same victim's residence occurring on three separate dates in July 2024. Count one charged Dunn alone with the first burglary, Count three charged Kilbourne and Dunn both with the second burglary, and Count five charged Kilbourne alone with the third burglary. Counts two and four are not germane to this case.

Pursuant to a negotiated plea agreement, Kilbourne pleaded guilty to the two counts of burglary in the first degree for participation in the second and third burglaries of the victim's residence. In connection with the plea agreement, Kilbourne executed a guilty plea checklist acknowledging his obligation to pay restitution, although no specific restitution amount was listed on that form. However, at the plea hearing, the State recited the terms of the negotiated sentence, recommending that Kilbourne "pay restitution in the amount of $10,773.78 to the victim. That will be paid joint and several with his co-defendant, … Dunn." The trial judge then asked Kilbourne, "You heard the recommendation that the State made. Is that the recommendation that you understood the State would make?" Kilbourne responded, "Yes, Your Honor." Kilbourne then entered his guilty plea, and the trial judge found that the guilty plea was freely, voluntarily, and knowingly entered, and there was a factual basis for it. The trial court followed the State's sentence recommendation, sentencing Kilbourne to two concurrent twenty-year terms of probation, 180 days in a probation detention center, and several special conditions of

probation including the $10,773.78 in restitution to be paid jointly and severally with Dunn.

Kilbourne later moved to modify his sentence, seeking, in part, a reduction in the restitution amount. At the hearing on the motion, Kilbourne's plea counsel testified that he had explained the concept of joint and several liability to Kilbourne during plea negotiations, but he did not recall whether he advised Kilbourne of his ability to have a restitution hearing. Kilbourne did not testify at the hearing. The trial court denied the motion, and this appeal followed.

"Whether to grant a motion to correct a sentence under OCGA § 17-10-1(f) lies within the discretion of the trial court." *Richardson v. State*, 334 Ga. App. 344, 346 (779 SE2d 406) (2015). "So long as the sentence imposed by the court falls within the parameters prescribed by law, we will not disturb it." Id.

Kilbourne argues that the restitution provision of his sentence is void because it includes losses attributable to a burglary in which he did not participate. Although Kilbourne agreed to the restitution provision as part of his negotiated plea, a "defendant's acquiescence to an illegal sentence, either through plea negotiations or a failure to object to the sentence, cannot render an otherwise illegal sentence valid through waiver." *Sumner v. State*, Ga. App. 308, 312(1) (643 SE2d 831) (2007)

(punctuation omitted)). Accordingly, we first consider whether the restitution condition imposed by the trial court was authorized by law.

We conclude that it was. OCGA § 17-14-7(c) governs the allocation of restitution among multiple offenders and provides that, where more than one offender has contributed to a victim's loss, "the court may make each offender liable for payment of the full amount of restitution or may apportion liability among offenders to reflect the contribution to the victim's loss and economic circumstances of each offender." OCGA § 17-14-7(c). The statute expressly authorizes a trial court either to impose joint and several liability or to apportion restitution according to each offender's relative responsibility for the victim's losses.

Here, the indictment alleged that Kilbourne and Dunn committed one burglary of the victim's residence together, and that each defendant separately committed another burglary of that same residence. Both defendants therefore contributed to the victim's losses. Under OCGA § 17-14-7(c), the trial court was authorized to require either defendant to pay the full amount of restitution or to apportion liability between them. Consistent with the negotiated plea agreement, the trial court here chose to impose liability for restitution jointly and severally upon Kilbourne and Dunn. That allocation of liability is expressly authorized by OCGA § 17-14-7(c), so the restitution condition is not void. See *Hettrick v. State*, 334 Ga. App.

4

115, 119(3) (778 SE2d 369) (2015) (trial court was not required under OCGA § 17-14-7(c) to apportion liability to reflect the defendant's level of contribution to the victim's loss).

We turn to Kilbourne's contention that the restitution amount is unlawful because it included losses attributable to the first burglary, an offense with which he was not charged. Under OCGA § 17-14-9, "[t]he amount of restitution ordered shall not exceed the victim's damages." The record reflects that the parties negotiated and agreed upon restitution in the amount of $10,773.78 before sentencing. Although the record does not disclose the method by which that figure was calculated, nothing in the record reflects that it exceeded the victim's damages. More to the point, Kilbourne argues that "*in … Kilbourne's case*, forty-two items were found at his home during the execution of [a] search warrant" and that "[h]is co-defendant[ ] also committed another separate burglary of [the victim's] home." (Emphasis added.) And he contends that "since the order of restitution is joint and several with … Kilbourne's co-defendant[ ], the amount of restitution is a ***total amount*** for all burglaries committed at [the victim's] home." Kilbourne has pointed to no evidence establishing that the agreed restitution amount represented losses attributable to the first burglary, much less the third burglary. Nor does the record reveal how the parties arrived at the agreed amount. In other words, Kilbourne has pointed to

5

nothing in the record showing that he (or Dunn for that matter) agreed to pay restitution for something other than the crime they committed together. In the absence of such evidence, and where the restitution amount was negotiated and accepted as part of the plea agreement, Kilbourne has failed to demonstrate that the restitution award exceeded the losses for which the trial court was authorized to order restitution.

This Court has repeatedly recognized that a negotiated guilty plea is contractual in nature. See, e.g., *Gilbert v. State*, 245 Ga. App. 544, 546(1) (538 SE2d 104) (2000). And nothing in the record suggests that Kilbourne misunderstood the amount of restitution he agreed to pay or the nature of his obligation under the negotiated plea. Under these circumstances, Kilbourne may not now seek to avoid that obligation simply because he has become dissatisfied with the bargain he accepted. See *Syms v. State*, 244 Ga. App. 21, 22–23(3) (534 SE2d 502) (2000); *Phillips v. State*, 236 Ga. App. 744, 746–47(1) (512 SE2d 32) (1999).

Kilbourne also suggests that the trial court erred by imposing restitution without first conducting a separate restitution hearing. We disagree. OCGA § 17-14-7(b) provides that, "[i]f the parties have not agreed on the amount of restitution prior to sentencing, the ordering authority shall set a date for a hearing to determine restitution." Thus, a restitution hearing is required only when the parties have not

reached an agreement regarding restitution before sentencing. See *Cameron v. State*, 295 Ga. App. 670, 670-72(2) (673 SE2d 59) (2009). Here, the record establishes that the parties did agree upon the restitution amount before sentencing. Because the parties agreed to the amount of restitution prior to sentencing, there was no need for the trial court to conduct a separate restitution hearing.

The restitution provision imposed as part of the negotiated sentence was authorized by OCGA § 17-14-7(c), Kilbourne knowingly and voluntarily agreed to the restitution amount before sentencing, and no separate restitution hearing was required under OCGA § 17-14-7(b). Because Kilbourne has failed to demonstrate that his sentence was unauthorized by law or that the trial court otherwise abused its discretion in denying his motion to modify sentence, we affirm.

*Judgment affirmed. McFadden, P. J., and Watkins, J., concur.*